

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
124 HALSEY STREET
PO BOX 45029
NEWARK, NJ  07101

**MIKIE SHERRILL**
*Governor*

**DR. DALE G. CALDWELL**
*Lt. Governor*

**JENNIFER DAVENPORT**
*Attorney General*

**MICHAEL C. WALTERS**
*Director*

February 26, 2026

VIA ELECTRONIC COURT FILING

Honorable Robert Kirsch
Clarkson S. Fisher United States Courthouse
402 East State Street
Trenton, NJ 08608

Re:  *Firearms Policy Coalition v. Jennifer Davenport & Jeanne Hengemuhle*[1], No. 25-13522

Dear Judge Kirsch,

Defendants Jennifer Davenport, in her official capacity as Attorney General of New Jersey, and Lt. Col. Jeanne Hengemuhle, in her official capacity as Acting Superintendent of the New Jersey State Police, ("Defendants") request a pre-motion conference to address the deficiencies in Plaintiffs' motion for summary judgment (Dkt. 13), filed with the court on February 18.

Because the Parties have not yet taken any discovery, Plaintiffs' motion is premature. Fed. R. Civ. P. 56(d) permits a court to deny or defer consideration of a motion for summary judgment if the nonmovant cannot present facts essential to its opposition.  "[I]t is well established that a court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007).

Second, Plaintiffs' motion does not contain a statement of undisputed material facts, as required by D.N.J. Civ. R. 56.1 (a party moving for summary judgment must "furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion[,]")  "A motion for summary judgment unaccompanied by a statement of material facts not in dispute *shall be dismissed.*" Id. (italics added).

---

[1] The caption has been revised to reflect the present Attorney General Jennifer Davenport, and Lt. Col. Jeanne Hengemuhle, Acting Superintendent of the New Jersey State Police. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.")




  Plaintiffs filed their motion without any scheduling order, or a pre-motion conference. While we understand that Your Honor's judicial preferences do not explicitly require a pre-motion conference for a summary judgment motion, they do require one for other types of dispositive motions, and our understanding is that the purpose of Your Honor's preference for such conferences is to dispense with formal motion practice when there may be more efficient ways to resolve the matter. Given the noted deficiencies in Plaintiffs' motion, we think a pre-motion conference would serve that purpose.

  We request that the Court schedule a pre-motion conference at the Court's earliest convenience to discuss these issues. In the alternative, we request that a briefing schedule be set that allows the Defendants to further explain why Plaintiffs' motion should be denied or deferred under Fed. R. Civ. P. 56(d) and/or D.N.J. Civ. R. 56.1, and which defers Defendants' obligation to oppose the motion on the merits until after these deficiencies are resolved.

  In the meantime, unless we hear from the Court before close of business on February 27, Defendants will file for a clerk's extension in order to give the Court and the parties some time to address these issues.

        Respectfully submitted,

        JENNIFER DAVENPORT
        ATTORNEY GENERAL OF NEW JERSEY

  By:  /s/ David E. Leit
      David E. Leit

        OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
        124 Halsey Street
        Newark, N.J. 07936
        Tel: (609) 696-5276
        Email: david.leit@law.njoag.com

        *Counsel for Defendants Jennifer Davenport, in her official capacity as Attorney General of New Jersey, and Lt. Col. Jeanne Hengemuhle, in her official capacity as Acting Superintendent of the New Jersey State Police*