# UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIREARMS POLICY COALITION, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> JENNIFER DAVENPORT et al., <br><br> Defendants. | Hon. Robert Kirsch, U.S.D.J. <br> Hon. Justin T. Quinn, U.S.M.J. <br><br> Civil Action No. 25-13522 <br><br> **PROPOSED** <br> **JOINT DISCOVERY PLAN** <br><br> Scheduling Conference Date: <br> March 31, 2026 |

In accordance with the Court's Order entered on March 6, 2026, setting the date for a Scheduling Conference, Fed. R. Civ. P. 26(f) and L. Civ. R. 26.1, counsel for the parties have conferred, and respectfully submit this Proposed Joint Discovery Plan.

1. **Set forth the name of each attorney appearing, the firm name, address, and telephone number and facsimile number of each, designating the party represented.**

*Counsel for Plaintiffs*

Bradley P. Lehman
Whiteford, Taylor & Preston LLC
600 North King Street, Suite 300
Wilmington, Delaware 19801
(302) 295-5674
blehman@whitefordlaw.com

Chad Flores*
Flores Law PLLC
917 Franklin, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law
*Pro Hac Vice Forthcoming*

*Counsel for Defendants*

David E. Leit
Assistant Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 414-4301
David.Leit@law.njoag.gov

Andrew H. Yang
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5278
Andrew.Yang@law.njoag.gov

Joshua P. Bohn
Deputy Attorney General
New Jersey Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
(609) 696-4534
Joshua.Bohn@law.njoag.gov

Jonathan B. Mangel
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5216
Jonathan.Mangel@law.njoag.gov

2

**2.**   **Set forth a brief description of the case, including the causes of action and defenses asserted.**

Plaintiffs allege that certain New Jersey laws governing short-barreled rifles violate the Second Amendment of the United States Constitution.

Plaintiffs are five New Jersey individuals, Luigi Dececco, Richard Ford, Daniel Francisco, Eric Lowmaster, and James Shockley; and three organizations, Firearms Policy Coalition, Inc., High Caliber Ordinance LLC, and Louie G's Outdoors. Defendants are New Jersey Attorney General Jennifer Davenport and Acting Superintendent of the New Jersey State Police Lieutenant Colonel Jeanne Hengemuhle.

Defendants assert that: (1) Plaintiffs have failed to state a claim upon which relief can be granted; (2) Plaintiffs lack standing; (3) the claims asserted are not ripe for adjudication; (4) Defendants enjoy absolute and/or qualified immunity from the claims raised in the suit; and (5) the challenged New Jersey law does not violate the Second Amendment.

**3.**   **Have settlement discussions taken place?**

No. Given the nature of the dispute, such discussions are unlikely to be of value.

**4.**   **The parties conferred pursuant to Fed. R. Civ. P. 26(f) on March 10, 2026.**

**5.**   **Plaintiffs' and Defendants' counsel will exchange initial disclosures on March 24, 2026, consistent with Fed. R. Civ. P. 26(a)(1).**

3

6.   **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

None.

7.   **The parties have not filed disclosures of third-party litigation funding pursuant to Local Civil Rule 7.1.1 because such disclosures are inapplicable to the present matter.**

8.   **The parties have not conducted discovery.**

9.   **Proposed joint discovery plan:**

(a) Discovery is needed on the following subjects:

**Plaintiffs:** Plaintiffs need no discovery at this time because the alleged Second Amendment violation manifests as a matter of law.

**Defendants:** Defendants will seek discovery related to: Plaintiffs' standing; the allegations in Plaintiffs' pleading; and any experts that Plaintiffs provide. In addition, Defendants will provide evidence, particularly by experts, in support of their position that the challenged New Jersey law does not violate the Second Amendment.

(b) Discovery should be conducted in phases as described below.
(c) Proposed schedule:

1.  Fed. R. Civ. P. 26 disclosures – Plaintiffs' and Defendants' counsel will exchange initial disclosures on **March 24, 2026**, consistent with Fed. R. Civ. P. 26(a)(1).

2.  E-Discovery conference pursuant to L. Civ. R. 26.1(d) – **not applicable**.

3.  Service of initial written discovery requests – **April 14, 2026**.
    a.  Maximum of **25** Interrogatories by each party to each other party.

4

      b.  Maximum of **5** fact depositions to be taken by each party.

4.  Motions to amend or to add parties to be filed by **May 25, 2026.**

5.  Factual discovery to be completed by **July 6, 2026**.

6.  The Parties' expert reports due by **September 7, 2026**.

7.  The Parties' rebuttal expert reports due by **October 26, 2026.**

8.  Expert depositions to be completed by **December 15, 2026**.

9.  Dispositive motions to be filed by **February 1, 2027**.

(d) Set forth any special discovery mechanism or procedure requested. **Not applicable.**

(e) A pretrial conference may take place on **<u>a date to be determined later by the court.</u>**

(f) Trial date: **<u>To be determined later by the court.</u>**

10. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc.)? If so, please explain.**

The parties may wish to conduct videotape depositions but do not anticipate

any other special discovery needs at this time.

11. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same,**

5

**including costs of discovery, production, related software, licensing agreements, etc.**

Not applicable.

12. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

The need for entry of a Discovery Confidentiality Order is uncertain at this time. The parties therefore reserve the right to request entry of such an order at a later date.

13. **Do you anticipate any discovery problem(s) not listed above? Describe.**

No.

14. **State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at disposition or dispositive motions, etc.).**

The parties agree that this case is not appropriate for arbitration or mediation because it presents a constitutional challenge to state laws.

15. **Is this case appropriate for bifurcation?**

No.

16. **Status conferences may be scheduled at the Court's convenience.**

17. **We do not consent to the trial being conducted by a Magistrate Judge.**

18. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

None at this time.

**19.   A statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports.**

The Defendants desire to submit expert testimony in this matter. The anticipated schedule for submission of reports is offered in paragraph 9.

| | |
|---|---|
| **WHITEFORD, TAYLOR & PRESTON LLC** | **JENNIFER DAVENPORT ATTORNEY GENERAL OF NEW JERSEY** |
| /s/ Bradley P. Lehman<br>Bradley P. Lehman, Esq.<br>Attorney for Plaintiffs<br>Date: March 17, 2026 | /s/ Joshua P. Bohn<br>Joshua P. Bohn<br>Deputy Attorney General<br>Attorney for Defendants<br>Date: March 17, 2026 |
| **FLORES LAW PLLC** | |
| /s/ Chad Flores<br>Chad Flores, Esq.<br>Attorney for Plaintiffs<br>Date: March 17, 2026 | |