# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FIREARMS POLICY COALITION, INC., )
LUIGI DECECCO, RICHARD FORD, )
DANIEL    FRANCISCO,    ERIC )
LOWMASTER, JAMES SHOCKLEY, )
HIGH CALIBER ORDINANCE LLC, and )    Civil Action No. 3:25-cv-13522
LOUIE G'S OUTDOORS, )
            )
     Plaintiffs, )
            )
v.             )
            )
MATTHEW PLATKIN, Attorney General of )
New Jersey, and PATRICK CALLAHAN, )
Superintendent of the New Jersey State Police,

     Defendants.

## Declaration of Brandon Combs

I, Brandon Combs, declare and state as follows.

1.      I am a competent adult with personal knowledge of what this declaration states and, if called upon to do so, could and would competently testify to all of the facts set forth herein.

2.      I am familiar with the First Amended Complaint for Declaratory and Injunctive Relief filed in this action as Document 8, including the definition of New Jersey's "SBR Ban" that is explained at paragraphs 38 through 47 and adopted here, and the specification of Defendants at paragraphs 34 through 37 that is adopted here as well.

3.      Firearms Policy Coalition, Inc. ("FPC"), is a nonprofit organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada, and members across the country.

4.      FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC brings this action on behalf of its members, which include the Plaintiffs named herein.

5.      FPC has standing to bring this action on behalf of its members because it meets Article III's and the Supreme Court's organizational standing requirements. *See, e.g.*, *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181 (2023). In particular, standing exists because (a) FPC's members would otherwise have standing to sue in their own right, (b) the interests FPC seeks to protect are germane to its purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. FPC members like and including the other named Plaintiffs have standing to challenge New Jersey's SBR Ban in their own right because they are law abiding citizens who reside in or visit New Jersey, desire to purchase, possess, and use SBRs for lawful purposes such as home self-defense, training, and competition shooting, and would do so but for the Defendants' enforcement of the SBR Ban's onerous criminal penalties. The interests to be protected are germane to FPC's purposes because the action seeks to protect peaceable gun owners from unconstitutional action by the Defendants, including the violation and chilling of FPC's members' constitutionally protected rights, which is germane to FPC's mission. The claims do not require

participation of FPC's individual members because they turn on pure questions of law regarding the ban's constitutionality under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), without need for individualized proof.

6. The experience of each of this action's individual and business plaintiffs typifies that of other FPC members, who Defendants' enforcement of New Jersey's SBR Ban irreparably harms.

7. FPC members desire to engage in constitutionally protected conduct-including to acquire, possess, transfer, transport, and lawfully use SBRs for lawful purposes in New Jersey-and would do so but for the Defendants' enforcement of the New Jersey's SBR Ban and its severe criminal penalties, which create a credible threat of prosecution enforced by Defendants.

8. Absent relief from this Court, Defendants will continue to engage in the unconstitutional conduct that has caused Plaintiffs irreparable harm in the past and is causing Plaintiffs irreparable harm at present

Brandon Combs
February 12, 2026

3