# EXHIBIT C

Docusign Envelope ID: B40FF4FA-46D1-493A-9F51-CB4BF0224E60

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FIREARMS POLICY COALITION, INC., )
LUIGI DECECCO, RICHARD FORD, )
DANIEL     FRANCISCO,      ERIC )
LOWMASTER, JAMES SHOCKLEY, )
HIGH CALIBER ORDINANCE LLC, and )    Civil Action No. 3:25-cv-13522
LOUIE G'S OUTDOORS, )
                                     )
             Plaintiffs, )
                                     )
v. )
                                     )
MATTHEW PLATKIN, Attorney General of )
New Jersey, and PATRICK CALLAHAN, )
Superintendent of the New Jersey State Police,

             Defendants.

**Declaration of Richard Ford**

Docusign Envelope ID: B40FE4FA-46D1-493A-9F51-CB4BF0224E60

I, Richard Ford, declare and state as follows.

1. I am a competent adult with personal knowledge of what this declaration states and, if called upon to do so, could and would competently testify to all of the facts set forth herein.

2. I am familiar with the First Amended Complaint for Declaratory and Injunctive Relief filed in this action as Document 8, including the definition of New Jersey's "SBR Ban" that is explained at paragraphs 38 through 47 and adopted here, and the specification of Defendants at paragraphs 34 through 37 that is adopted here as well.

3. I am a a law-abiding citizen of the United States of America and a resident of the State of New Jersey who lives in Summit, New Jersey (Union County).

4. I am and was at all relevant times a member of FPC.

5. I am fully eligible to acquire, possess, and carry firearms and ammunition under the laws of his state of residence and under federal law, just as any responsible citizen in good legal standing would be. I am over the age of 21 and not subject to any criminal convictions, restraining orders, mental health adjudications, or other conduct-based statuses that might arguably preclude me from exercising the rights protected by the Second Amendment.

6. I imminently intend to acquire, possess, and use for lawful purposes (self-defense of his home) SBRs that New Jersey's SBR Ban proscribes. In particular, but for Defendant's enforcement of New Jersey's SBR Ban, I Dececco would buy, own, and lawfully use an SBR firearm with a barrel length of less than 16 inches and/or an overall length of less than 26 inches.

7. I would like to engage in this constitutionally protected conduct because of—not despite—the unique combination of features that make SBRs superior to other constitutionally protected arms for home defense. Unlike handguns, which lack shoulder support and suffer inferior ballistic performance, SBRs offer me enhanced stability, accuracy, and terminal effect while retaining the compactness necessary for confined environments. And unlike full-length rifles, which can be unwieldy indoors, SBRs allow me to maintain rifle-grade precision and control in constrained settings. This intermediate profile makes SBRs my most suitable tool for defensive readiness in my urban/suburban home environments, where real-world conditions demand both agility and reliability.

8. But for the enforcement of New Jersey's SBR Ban, I would carry out my intended acquisitions, possession, and use of SBRs for lawful purposes. The Defendants'

2

enforcement of New Jersey's SBR Ban is all that stops me from acquiring, possessing, and using for lawful purposes. I reasonably fear criminal prosecution and confiscation if he were to possess such a rifle within New Jersey's jurisdiction.

DocuSigned by:

E3CE780EC7C7482...

Richard Ford
February 12, 2026

3