# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

FIREARMS POLICY COALITION, INC.,  )
LUIGI DECECCO, RICHARD FORD,  )
DANIEL FRANCISCO, ERIC  )
LOWMASTER, JAMES SHOCKLEY,  )
HIGH CALIBER ORDNANCE LLC, and  )    Civil Action No. 3:25-cv-13522
LOUIE G'S OUTDOORS,  )
  )
    Plaintiffs,  )
  )
v.  )
  )
MATTHEW PLATKIN, Attorney General of  )
New Jersey, and PATRICK CALLAHAN,  )
Superintendent of the New Jersey State Police,

    Defendants.

## Declaration of Eric Lowmaster

I, Eric Lowmaster , declare and state as follows.

1.  I am a competent adult with personal knowledge of what this declaration states and, if called upon to do so, could and would competently testify to all of the facts set forth herein.

2.  I am familiar with the First Amended Complaint for Declaratory and Injunctive Relief filed in this action as Document 8, including the definition of New Jersey's "SBR Ban" that is explained at paragraphs 38 through 47 and adopted here, and the specification of Defendants at paragraphs 34 through 37 that is adopted here as well.

3.  I am a a law-abiding citizen of the United States of America and a resident of the State of New Jersey who lives in Somerville, New Jersey (Somerset County).

4.  I am and was at all relevant times a member of FPC.

5.  I am fully eligible to acquire, possess, and carry firearms and ammunition under the laws of his state of residence and under federal law, just as any responsible citizen in good legal standing would be. I am over the age of 21 and not subject to any criminal convictions, restraining orders, mental health adjudications, or other conduct-based statuses that might arguably preclude me from exercising the rights protected by the Second Amendment.

6.  I imminently intend to acquire, possess, and use for lawful purposes (self-defense of his home) SBRs that New Jersey's SBR Ban proscribes. In particular, but for Defendant's enforcement of New Jersey's SBR Ban, I would buy, own, and lawfully use an SBR firearm with a barrel length of less than 16 inches and/or an overall length of less than 26 inches.

7.  I would like to engage in this constitutionally protected conduct because of—not despite—the unique combination of features that make SBRs superior to other constitutionally protected arms for home defense. Unlike handguns, which lack shoulder support and suffer inferior ballistic performance, SBRs offer me enhanced stability, accuracy, and terminal effect while retaining the compactness necessary for confined environments. And unlike full-length rifles, which can be unwieldy indoors, SBRs allow me to maintain rifle-grade precision and control in constrained settings. This intermediate profile makes SBRs my most suitable tool for defensive readiness in my urban/suburban home environments, where real-world conditions demand both agility and reliability.

8.  But for the enforcement of New Jersey's SBR Ban, I would carry out my intended acquisitions, possession, and use of SBRs for lawful purposes. The Defendants'

2

enforcement of New Jersey's SBR Ban is all that stops me from acquiring, possessing, and using for lawful purposes. I reasonably fear criminal prosecution and confiscation if he were to possess such a rifle within New Jersey's jurisdiction.

9. High Caliber Ordnance LLC holds a valid Federal Firearms License issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives authorizing it to engage in the lawful business of retail firearm sales and transfers. It conducts those operations in compliance with federal and state law, including by fulfilling record-keeping, background-check, and security requirements.

10. High Caliber Ordnance LLC imminently intends, in the ordinary course of its licensed business, to acquire from lawful manufacturers and distributors, possess in its inventory, and offer for sale to qualified consumers SBRs that are lawfully made and transferrable under federal law.

11. High Caliber Ordnance LLC seeks to engage in this constitutionally and commercially protected activity because SBRs constitute a distinct and in-demand class of rifle.

12. New Jersey's SBR Ban closes off High Caliber Ordnance LLC's ability to sell SBRs, prevents it from exercising its federal license as Congress intended, and distorts the lawful interstate firearms market.

13. But for Defendants' enforcement of New Jersey's SBR Ban, High Caliber Ordnance LLC would lawfully acquire, possess, display, sell, and transfer SBRs to eligible purchasers. Defendants' enforcement of New Jersey's SBR Ban is the sole legal barrier preventing High Caliber Ordnance LLC from engaging in this conduct.

14. High Caliber Ordnance LLC therefore reasonably fears criminal prosecution, forfeiture of inventory, and revocation of its license if it were to engage in this otherwise lawful commerce within New Jersey.

15. New Jersey's SBR Ban directly injures High Caliber Ordnance LLC by prohibiting it from selling lawful firearms to willing customers, resulting in lost sales and business opportunities. High Caliber Ordnance LLC shares a close vendor-customer relationship with its patrons.

16. Substantial hindrances impede High Caliber Ordnance LLC's customers from vindicating their own rights. To wit, New Jersey's SBR Ban subjects High Caliber Ordnance LLC's would-be purchasers to criminal penalties of three to five years' imprisonment, creating powerful disincentives against individuals openly

3

Docusign Envelope ID: 29EDCBE1-057C-4896-A4E4-BF7C8DD6EAC1

challenging the law, and the threat of prosecution deters customers from taking legal action.

Signed by:

10F19E8C575E431...

Eric Lowmaster
February 13, 2026

4