## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FIREARMS POLICY COALITION, INC., LUIGI DECECCO, RICHARD FORD, DANIEL FRANCISCO, ERIC LOWMASTER, JAMES SHOCKLEY, HIGH CALIBER ORDNANCE LLC, and LOUIE G'S OUTDOORS, | ) ) ) ) ) ) ) | Civil Action No. 3:25-cv-13522 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JENNIFER DAVENPORT, Attorney General of New Jersey, and JEANNE HENGEMUHLE, Acting Superintendent of the New Jersey State Police, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT**

Bradley P. Lehman (No. 129762014)
WHITEFORD, TAYLOR & PRESTON LLC
600 North King Street, Suite 300
Wilmington, Delaware 19801
(302) 295-5674
blehman@whitefordlaw.com

OF COUNSEL:
Chad Flores
Flores Law PLLC
917 Franklin, Suite 600
Houston, Texas 77002
(713) 364-6640
*Pro hac vice* application forthcoming

*Counsel for Plaintiffs*

## Plaintiffs' Statement of Undisputed Facts
## in Support of Plaintiffs' Amended Motion for Summary Judgment

Pursuant to Local Civil Rule 56.1(a), Plaintiffs submit this statement of material facts as to which there is no genuine dispute.

### I.    The Parties

1.    Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada, and members across the country. Doc. 13-2, ¶ 3 (Combs Declaration).

2.    FPC works to protect, defend, and advance the right to keep and bear arms and the means by which individuals may exercise the right to carry and use firearms. FPC brings this action on behalf of its members, which include the Plaintiffs named herein. Doc. 13-2, ¶ 4 (Combs Declaration).

3.    Plaintiff Luigi Dececco is a law-abiding adult citizen and resident of Secaucus, New Jersey (Hudson County). He is over the age of 21. He is not subject to any criminal convictions, restraining orders, mental health adjudications, or other disqualifying conditions. He is a member of FPC. Doc. 13-3, ¶¶ 3–5 (Dececco Declaration).

4.    Plaintiff Richard Ford is a law-abiding adult citizen and resident of Summit, New Jersey (Union County). He is over the age of 21. He is not subject to any criminal convictions, restraining orders, mental health adjudications, or other

disqualifying conditions. He is a member of FPC. Doc. 13-4, ¶¶ 3–5 (Ford Declaration).

5.      Plaintiff Daniel Francisco is a law-abiding adult citizen and resident of Englishtown, New Jersey (Monmouth County). He is over the age of 21. He is not subject to any criminal convictions, restraining orders, mental health adjudications, or other disqualifying conditions. He is a member of FPC. Doc. 13-5, ¶¶ 3–5 (Francisco Declaration).

6.      Plaintiff Eric Lowmaster is a law-abiding adult citizen and resident of Somerville, New Jersey (Somerset County). He is over the age of 21. He is not subject to any criminal convictions, restraining orders, mental health adjudications, or other disqualifying conditions. He is a member of FPC. Doc. 13-6, ¶¶ 3–5 (Lowmaster Declaration).

7.      Plaintiff James Shockley is a law-abiding adult citizen and resident of Egg Harbor Township, New Jersey (Atlantic County). He is over the age of 21. He is not subject to any criminal convictions, restraining orders, mental health adjudications, or other disqualifying conditions. He is a member of FPC. Doc. 13-7, ¶¶ 3–5 (Shockley Declaration).

8.      Plaintiff High Caliber Ordnance LLC holds a valid Federal Firearms License issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") authorizing it to engage in the lawful business of retail firearm sales and transfers. It

conducts those operations in compliance with federal and state law, including by fulfilling record-keeping, background-check, and security requirements. Doc. 13-6, ¶ 9 (Lowmaster Declaration).

9.     Plaintiff Louie G's Outdoors holds a valid Federal Firearms License issued by ATF authorizing it to engage in the lawful business of retail firearm sales and transfers. It conducts those operations in compliance with federal and state law, including by fulfilling record-keeping, background-check, and security requirements. Doc. 13-3, ¶ 9 (Dececco Declaration).

10.     Defendant Jennifer Davenport is the Attorney General of New Jersey. N.J. Stat. Ann. § 52:17B-98.

11.     Defendant Jeanne Hengemuhle is the Acting Superintendent of the New Jersey State Police. N.J. Stat. Ann. § 52:17B-7.

### III.    Harm to Individual Plaintiffs

12.     Each Individual Plaintiff imminently intends to acquire, possess, and use for lawful purposes—including home self-defense—an SBR with a barrel length of less than 16 inches and/or an overall length of less than 26 inches. Doc. 13-3, ¶ 6 (Dececco Declaration); Doc. 13-4, ¶ 6 (Ford Declaration); Doc. 13-5, ¶ 6 (Francisco Declaration); Doc. 13-6, ¶ 6 (Lowmaster Declaration); Doc. 13-7, ¶ 6 (Shockley Declaration).

4

13. But for Defendants' enforcement of New Jersey's SBR ban, each Individual Plaintiff would carry out his intended acquisition, possession, and use of SBRs for lawful purposes. Doc. 13-3, ¶ 8 (Dececco Declaration); Doc. 13-4, ¶ 8 (Ford Declaration); Doc. 13-5, ¶ 8 (Francisco Declaration); Doc. 13-6, ¶ 8 (Lowmaster Declaration); Doc. 13-7, ¶ 8 (Shockley Declaration).

14. Defendants' enforcement of New Jersey's SBR ban is all that stops each Individual Plaintiff from acquiring, possessing, and using SBRs for lawful purposes. Doc. 13-3, ¶ 8 (Dececco Declaration); Doc. 13-4, ¶ 8 (Ford Declaration); Doc. 13-5, ¶ 8 (Francisco Declaration); Doc. 13-6, ¶ 8 (Lowmaster Declaration); Doc. 13-7, ¶ 8 (Shockley Declaration).

15. Each Individual Plaintiff reasonably fears criminal prosecution and confiscation if he were to possess an SBR within New Jersey. Doc. 13-3, ¶ 8 (Dececco Declaration); Doc. 13-4, ¶ 8 (Ford Declaration); Doc. 13-5, ¶ 8 (Francisco Declaration); Doc. 13-6, ¶ 8 (Lowmaster Declaration); Doc. 13-7, ¶ 8 (Shockley Declaration).

**IV.   Harm to Business Plaintiffs**

16. High Caliber Ordnance LLC imminently intends, in the ordinary course of its licensed business, to acquire from lawful manufacturers and distributors, possess in its inventory, and offer for sale to qualified consumers SBRs that are

lawfully made and transferable under federal law. Doc. 13-6, ¶ 10 (Lowmaster Declaration).

17.    Louie G's Outdoors imminently intends, in the ordinary course of its licensed business, to acquire from lawful manufacturers and distributors, possess in its inventory, and offer for sale to qualified consumers SBRs that are lawfully made and transferable under federal law. Doc. 13-3, ¶ 10 (Dececco Declaration).

18.    New Jersey's SBR ban closes off each Business Plaintiff's ability to sell SBRs, prevents each from exercising its federal license as Congress intended, and distorts the lawful interstate firearms market. Doc. 13-6, ¶ 12 (Lowmaster Declaration); Doc. 13-3, ¶ 12 (Dececco Declaration).

19.    But for Defendants' enforcement of New Jersey's SBR ban, each Business Plaintiff would lawfully acquire, possess, display, sell, and transfer SBRs to eligible purchasers. Defendants' enforcement of the SBR ban is the sole legal barrier preventing each Business Plaintiff from engaging in this conduct. Doc. 13-6, ¶ 13 (Lowmaster Declaration); Doc. 13-3, ¶ 13 (Dececco Declaration).

20.    Each Business Plaintiff reasonably fears criminal prosecution, forfeiture of inventory, and revocation of its license if it were to engage in this otherwise lawful commerce within New Jersey. Doc. 13-6, ¶ 14 (Lowmaster Declaration); Doc. 13-3, ¶ 14 (Dececco Declaration).

6

21.    New Jersey's SBR ban directly injures each Business Plaintiff by prohibiting it from selling lawful firearms to willing customers, resulting in lost sales and business opportunities. Doc. 13-6, ¶ 15 (Lowmaster Declaration); Doc. 13-3, ¶ 15 (Dececco Declaration).

22.    Each Business Plaintiff shares a close vendor-customer relationship with its patrons. Doc. 13-6, ¶ 15 (Lowmaster Declaration); Doc. 13-3, ¶ 15 (Dececco Declaration).

23.    Substantial hindrances impede each Business Plaintiff's customers from vindicating their own rights. New Jersey's SBR ban subjects would-be purchasers to criminal penalties of three to five years' imprisonment, creating powerful disincentives against individuals openly challenging the law. Doc. 13-6, ¶ 16 (Lowmaster Declaration); Doc. 13-3, ¶ 16 (Dececco Declaration).

## V.    Harm to FPC

24.    The experience of each Individual and Business Plaintiff typifies that of other FPC members, who are irreparably harmed by Defendants' enforcement of New Jersey's SBR ban. Doc. 13-2, ¶ 6 (Combs Declaration).

25.    FPC members desire to acquire, possess, transfer, transport, and lawfully use SBRs for lawful purposes in New Jersey and would do so but for Defendants' enforcement of New Jersey's SBR ban and its severe criminal penalties,

7

which create a credible threat of prosecution enforced by Defendants. Doc. 13-2, ¶

7 (Combs Declaration).


Dated: March 17, 2026                      Respectfully submitted,

                                           **WHITEFORD, TAYLOR & PRESTON
                                           LLC**

                                           */s/ Bradley P. Lehman*
                                           600 North King Street, Suite 300
                                           Wilmington, Delaware 19801
                                           (302) 295-5674
                                           blehman@whitefordlaw.com

OF COUNSEL:

Chad Flores
Flores Law PLLC
917 Franklin, Suite 600
Houston, Texas 77002
(713) 364-6640

*\*Pro hac vice* application forthcoming

                        *Counsel for Plaintiffs*

8

**Certificate of Service**

I certify that on March 17, 2026, I electronically filed the foregoing with the Clerk of the United States District Court for the District of New Jersey. Counsel for all parties are registered CM/ECF users and will be served via CM/ECF.


Dated: March 17, 2026                    */s/ Bradley P. Lehman*