WHITEFORD, TAYLOR & PRESTON L.L.P.

BRADLEY P. LEHMAN
COUNSEL
302.295.5674
302.295.5678
BLEHMAN@WHITEFORDLAW.COM

600 N KING ST., SUITE 300
WILMINGTON, DE 19801-3700

MAIN TELEPHONE 302.353.4144
FACSIMILE 302.661.7950

DELAWARE*
DISTRICT OF COLUMBIA
FLORIDA
KENTUCKY
MARYLAND
NEW YORK
NORTH CAROLINA
VIRGINIA

WWW.WHITEFORDLAW.COM
800.987.8705

March 23, 2026

**VIA CM/ECF**
Honorable Robert Kirsch
Clarkson S. Fisher United States Courthouse
402 East State Street
Trenton, NJ 08608

Dear Judge Kirsch:

Plaintiffs submit that Plaintiffs' amended motion for summary judgment, Doc. 19, should proceed in the ordinary course. This case presents a pure question of law on undisputed facts: whether New Jersey's categorical ban on short-barreled rifles comports with the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17–18 (2022). Plaintiffs' amended motion sharpens that legal presentation and confirms that no material factual development is necessary to resolve the dispositive issue.

Defendants previously suggested that summary judgment would be premature based on discovery. Plaintiffs anticipate a similar position in response to the amended motion. Any such request should be evaluated under the governing standard, not through informal objection.

Rule 56 provides the framework. Where a party contends it cannot present facts essential to oppose a motion for summary judgment, it must proceed under Rule 56(d). That rule requires a declaration or affidavit identifying the specific facts sought, explaining how those facts are material to the opposition, and showing why they cannot presently be obtained. Fed. R. Civ. P. 56(d). Generalized assertions that "discovery is needed" are insufficient. If Defendants contend that any particular factual development is necessary to resolve Plaintiffs' motion, they should identify that discovery with specificity and explain how it would create a genuine dispute material to the constitutional question presented. Absent such a showing, there is no basis to depart from the ordinary summary judgment process.

This approach ensures procedural regularity. It permits the Court to evaluate any claimed need for discovery on a concrete record while allowing a fully briefed dispositive motion to proceed without unnecessary delay. It also reflects the nature of this case, which turns on legal standards applied to undisputed facts rather than on fact-intensive inquiries.

Plaintiffs therefore respectfully submit that the amended motion should proceed under the default schedule. Any request to defer consideration should be made, if at all, through a properly supported Rule 56(d) motion.

Respectfully submitted,

*/s/ Bradley P. Lehman*
Bradley P. Lehman (No. 129762014)
WHITEFORD, TAYLOR & PRESTON LLC
600 North King Street, Suite 300
Wilmington, Delaware 19801
(302) 295-5674
blehman@whitefordlaw.com

OF COUNSEL:
Chad Flores
Flores Law PLLC
917 Franklin, Suite 600
Houston, Texas 77002
(713) 364-6640
*\*Pro hac vice* application forthcoming

*Counsel for Plaintiffs*