<table>
<tr><td>

FIREARMS POLICY COALITION INC.,
et al.,

          **Plaintiffs,**

    v.

JENNIFER DAVENPORT, et al.,

          **Defendants.**

</td><td>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**Civil Action No. 25-13522 (RK) (JTQ)**

<u>**PRETRIAL SCHEDULING ORDER**</u>

</td></tr>
</table>

    **THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 31, 2026; and the Court having conferred with counsel; and good cause appearing for the entry of this Order:

    **IT IS on this 31st day of March, 2026**

    **ORDERED THAT:**

## I.    DISCLOSURES

1. The Parties have served initial disclosures, as required by Fed. R. Civ. P. 26**.**

2. If appropriate, counsel must file the disclosure of third-party litigation funding required by L. Civ. R. 7.1.1 **no later than April 30, 2026.**

3. Counsel have advised that an e-discovery conference is not applicable to this case.

## II.    DISCOVERY CONFIDENTIALITY ORDERS

4. Any proposed confidentiality order agreed to by the parties must comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id.*

## III.    DISCOVERY

5. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

6. The parties' initial written discovery requests must be served **by April 14, 2026.**

7. In accordance with Fed. R. Civ. P. 33, the parties may serve **twenty-five (25) single interrogatories (including all sub-parts)**.  In accordance with Fed. R. Civ. P. 30, the parties are limited to **five (5) fact depositions** per side.

8. No objections to questions posed at depositions shall be made other than as to form or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.

9. Any motion to amend the pleadings or to join new parties, whether by amended or third-party complaint, must be filed **by May 25, 2026.**

10. All fact discovery, including any third-party depositions, is to be complete **by July 6, 2026.** No discovery is to be issued or conducted after this date.

11. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

12. Dispositive motions, if any, shall be filed by **a date to be determined**.

13. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court.  *See* L. Civ. R. 16.1(f)(1).  Any unresolved disputes must be brought to the Court's attention promptly, in compliance with paragraph 6 of Magistrate Judge Quinn's Case Management Order, which is available on the District Court's Website.  (*See* JTQPreferencesCaseManagementOrder.pdf (uscourts.gov)).

14. No motion, including discovery motions, shall be made without prior leave of Court.

### IV.    EXPERTS

15. All affirmative expert disclosures and reports (liability and damages) must be served **by September 7, 2026.**  All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

16. All responding expert disclosures and reports must be served **by October 26, 2026.**  All such reports shall be in the form and content as described above.

17. All expert depositions are to be concluded **by December 15, 2026.**

18. No expert shall testify at trial as to any opinions or base those opinions on fact not

substantially disclosed in his or her report.

## V.    FUTURE CONFERENCES

19. The Court will conduct a telephone status conference **on June 15, 2026 at 11:00 am;** Counsel for Plaintiff is directed to initiate the call to (609) 989-2144.  The parties are directed to submit a joint status letter three (3) days prior to the conference.

20.  Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

21. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

22. Counsel should be prepared to discuss settlement at every conference with the Court.  Lead trial counsel and client(s) with full settlement authority are required to appear at any settlement conference conducted by the Court.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

23. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

## VI.    MISCELLANEOUS

24. Any party or counsel that uses generative artificial intelligence (excluding Westlaw and LexisNexis) in any filing either addressed to or to be decided by Judge Quinn shall file a certification with that document, stating that all legal and factual citations in the document(s) have been checked for accuracy.

_s/ Justin T. Quinn_
**HON. JUSTIN T. QUINN**
**United States Magistrate Judge**