MIKIE SHERRILL
*Governor*

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
Director

November 5, 2026

**VIA CM/ECF**
Hon. Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Firearms Policy Coalition, Inc. et al. v. Davenport, et al.*, (Docket No. 3:25-cv-13522-RK-JTQ)

Dear Judge Quinn:

The Parties to the above-referenced matter respectfully submit the attached proposed consent order to stay proceedings in this matter, upon the close of discovery on December 15, 2026, until further order of this Court, pending the United States Supreme Court's decision this Term in the consolidated cases *Viramontes v. Cook County*, 146 S. Ct. 2813 (Mem) and *Grant v. Higgins*, 146 S. Ct. 2811 (Mem) (together "*Viramontes*"). In *Viramontes* the Supreme Court will answer the question: "Do the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." *See* Petition for Writ of Certiorari, at "Question Presented," *Viramontes v. Cook County*, No. 25-238, Aug. 27, 2025 *cert granted* June 30, 2026.

The Parties jointly request this stay because it is in the interest of judicial efficiency to brief dispositive motions here once all parties have the benefit of the Supreme Court's decision in *Viramontes*. *Viramontes* will be the Supreme Court's first case to apply the test articulated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), to laws regulating possession of a specific type of firearm or firearm-related item. Proceeding to summary judgment motions on this case's current schedule could result in a decision based on methodologies and standards subsequently modified by the Supreme Court's forthcoming decision in *Viramontes*.

In a situation like this, it is "within the sound discretion of [a] District Court" to stay proceedings in anticipation of "firmer guidance" from the Supreme Court. *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018); *see also Bechtel Corp. v. Loc. 215 Laborer's Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("[A] court may hold one lawsuit in abeyance to abide the outcome of another *which may substantially affect it* or be dispositive of the issues") (emphasis added)).

The Parties thank the Court for its attention to this matter and would welcome the opportunity to discuss it further at conference if such a discussion would be helpful.

Very truly yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
By: */s/ Jonathan B. Mangel*
Jonathan B. Mangel
Deputy Attorney General
*Attorney for Defendants*

WHITEFORD, TAYLOR & PRESTON, LLP

By: */s/ Bradley P. Lehman*
Bradley P. Lehman, Esq.
*Attorney for Plaintiffs*